## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

VERONICA VALENTINE,

                Plaintiff,

    vs.

GARCIA, #2132;  LANG, #2134; and
OMAHA POLICE OFFICERS,

                Defendants.

**8:18CV142**

**MEMORANDUM
AND ORDER**

Plaintiff filed her Complaint on March 30, 2018. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against Omaha Police Department Officers Garcia and Lang for their alleged use of excessive force in arresting Plaintiff on February 29, 2016. The Complaint does not indicate whether the officers are sued in their individual or official capacities.

Plaintiff alleges that Garcia and Lang responded to 1915 Emmet Street, Omaha, Nebraska, because of a report of an assault involving Plaintiff's boyfriend. Plaintiff answered the door upon the Defendants' arrival at 1915 Emmet, informed them that her boyfriend was not there, and allowed the officers to look around. Garcia and Lang then left but returned thirty minutes later, stating they needed to speak with Plaintiff. Plaintiff alleges she asked the officers to wait while she went upstairs to put on shoes and started to close the door. As she was shutting the door, Plaintiff alleges that Garcia and Lang forced their way in and told Plaintiff she was

going to jail. Plaintiff alleges that she repeatedly asked the officers why she was going to jail, and Garcia and Lang tried to make Plaintiff put her hands behind her back, which Plaintiff refused to do. The officers then tased Plaintiff and put her in hand cuffs, at which time the officers told Plaintiff there was a warrant for her arrest.

Plaintiff alleges her right arm was bruised and bleeding from being tased "all because Garcia . . . and Lang . . . wouldn't tell [her] why [she] had a warrant." (Filing No. 1 at CM/ECF p. 3.) Plaintiff seeks $100,000,000 in damages as relief.

In her Complaint, Plaintiff references Case Nos. 8:16CV131, 8:16CV174, and 8:18CV69, and alleges that her February 29, 2016 arrest at issue in this case arises out of the "bogus search warrant" at issue in the three referenced cases. (Filing No. 1 at CM/ECF p. 1.) In the consolidated actions in Case Nos. 8:16CV131 and 8:16CV174, Plaintiff alleged Officers Lisa Villwok and Jennifer Hansen conducted an unreasonable body cavity search upon Plaintiff at her residence on July 17, 2015, as part of the execution of the "bogus" search warrant. Those consolidated cases were dismissed with prejudice on February 21, 2018, after a bench trial was held before Chief Judge Laurie Smith Camp. (*See* Filing Nos. 219 & 220, Case No. 8:16CV131.) In Case No. 8:18CV69, Plaintiff has sued Omaha Police Officer Chris Brown, alleging that the same search warrant executed on July 17, 2015, was based on Brown's false statements in his affidavit that Plaintiff sold drugs to a confidential informant. That case proceeded to service of process and is currently pending before Chief Judge Smith Camp.

## II. APPLICABLE LEGAL STANDARDS ON IN INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Liberally construed, Plaintiff seeks damages from the Defendants for violations of her Fourth Amendment right to be free from excessive force. An officer may employ some degree of physical force or threat thereof to effect an arrest. *Chambers v. Pennycook*, 641 F.3d 898, 905 (8th Cir. 2011). However, "[a]n

officer's use of force violates the Fourth Amendment when it is objectively unreasonable, given the facts and circumstances of the particular case, as 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* at 905–06 (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)). In determining whether the force used to effect an arrest was reasonable, courts must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 906 (internal quotation marks and citations omitted).

Plaintiff does not specify in what capacity she is suing Officers Garcia and Lang. Thus, the court must presume that the officers are sued in their official capacity only. *See Alexander v. Hedback*, 718 F.3d 762, 766 n.4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official—in this case, the City of Omaha. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (internal citations omitted)). The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur*

*v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any allegations of an official policy or custom in her Complaint. Therefore, she has not alleged sufficient facts to "nudge" her claim against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard. Additionally, to the extent Plaintiff has included allegations in her Complaint regarding the actions of other individual Omaha Police Officers, none of those allegations show that Plaintiff's constitutional rights have been violated in any respect that has not already been subject to litigation in the previously filed actions.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. On the court's own motion, however, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint.

IT IS THEREFORE ORDERED that:

1.      Plaintiff has until **October 5, 2018,** to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff chooses to file an amended complaint, the court will conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the normal course of business.

2.      The clerk of the court is directed to set a pro se case management deadline using the following text: **October 5, 2018**: check for amended complaint.

Dated this 5th day of September, 2018.

BY THE COURT:

s/ <em>Richard G. Kopf</em><br>Senior United States District Judge